UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STAFF LINE, LLC, a Tennessee limited
liability corporation,

   Plaintiff,        Case No.  13-14374

-vs-            Honorable Victoria A. Roberts

D'NENE ROSS, an individual, and
JASON DAVIS, and individual, jointly
and severally,

   Defendants.

JACKSON LEWIS LLP
Maurice G. Jenkins (P33083)
Katherine J. Donohue (P62806)
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
jenkinsm@jacksonlewis.com
katherine.donohue@jacksonlewis.com
Attorneys for Plaintiff

**EX PARTE TEMPORARY RESTRAINING ORDER
<u>AGAINST DEFENDANT D'NENE ROSS</u>**

The Court having reviewed Plaintiff Staff Line, LLC's ("Staff Line")

Verified Complaint, Motion for Temporary Restraining Order and Preliminary

Injunction and Brief in Support thereof, and the Court being otherwise duly advised in the premises;

**IT IS HEREBY ORDERED THAT:**

(1) On Thursday, October 24, 2013, at 4:00 p.m., a hearing is scheduled on Staff Line's Motion for a Preliminary Injunction for Defendant to show cause why a preliminary injunction should not be issued according to the terms and conditions set forth in this Order.

(2) Defendant D'Nene Ross is temporarily enjoined, directly or indirectly, whether alone or in concert with others:

(a) From working for, or acting as, an employee, partner, stockholder, investor, owner, director, agent, or consultant for a competitor of Staff Line, LLC, including, but not limited to, Employment Partners, Inc. ("EPI"), within 100 miles of Staff Line's Michigan office until further order of the Court;

(b) From soliciting or performing services for any Staff Line customer for a competing business, including, but not limited to, EPI, until further order of the Court;

(c) From soliciting or being involved in the recruitment or hire of any Staff Line permanent and temporary employee for a competing business, including but not limited to, EPI, until further order of the Court;

(d) From ever using or disclosing any of Staff Line's confidential, proprietary or trade secret information or property; and

(e) From tortiously interfering with Staff Line's contractual and business relationships with its customers and permanent and temporary employees.

(3) Defendants Ross is further ordered to:

(a) Immediately return all Staff Line property to counsel for Staff Line, including all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, discs, notes, client files, client information, employment information, business development information, request for proposal, request for bid, client correspondence, meeting minutes, notes of site visits, marketing data, prospect meeting data, proposals, faxes, financial information, pricing, contracts, marketing brochures, marketing database, marketing plans, costs, customer lists, customer information, internal weaknesses, prospect lists, client lists, employee lists, alliance relationships, competitive bid information, client contact lists, sales leads, permanent and temporary employee information, employees lists and databases, prospective employee lists, business plans, profit, margin, and forecasting information, strategic planning, project costs, and any other Staff Line data kept in any form or media whatsoever, whether in hard copy or electronic form.

(b) Preserve all evidence related to the allegations and claims in the Verified Complaint.  Defendants are not to destroy, erase, or otherwise make unavailable for further proceedings in this matter, any records, telephonic records, or documents (including data or information maintained in computer media) in Defendants' possession, custody, or control, or to which Defendants have access, including but not limited to, computers and/or data or server systems belonging to their current employer, which were obtained from or contain information derived from any of Staff Line's proprietary and confidential records or information, or which relate to any of the events alleged in the Complaint in this action.

(5) Staff Line stands to lose its employees, customers, confidential, proprietary and trade secret information, the goodwill and referral business of its customers, and revenues in an amount that cannot be readily ascertained.  Staff

Line is also faced with the substantial risk that Defendant will unlawfully use Staff Line's confidential and proprietary customer and employee information and continue to raid Staff Line's employees to Staff Line's competitive disadvantage. Such anticipated losses constitute irreparable harm in that they are so indefinite and speculative as to be incapable of exact proof.

(6) The Court is satisfied based on the evidence presented that it clearly appears from the specific facts shown by the Verified Complaint that immediate and irreparable injury, loss or damage will result to Staff Line, should this Temporary Restraining Order not issue.

(7) To the extent this Court grants this Order without notice to Defendant, the Court finds that the irreparable harm to Staff Line if a Temporary Restraining Order is denied outweighs the harm to Defendant if it is granted. Further, the public interest in protecting confidential information and preserving the status quo justifies issuance of this Order.

(8) This Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

(9) The parties are granted leave to commence discovery, including interrogatories, requests for production, depositions, and third-party subpoenas immediately and on an expedited basis in aid of any preliminary injunction proceedings before the Court.

(10)  A copy of this Order and Notice of Hearing on Staff Line's Motion for Preliminary Injunction shall be served on Defendant as soon as possible.

**IT IS SO ORDERED.**

**Entered at 8:55 a.m. on Friday, October 18, 2013.**

Date:  10/18/13                                       /s/ Victoria A. Roberts
                                                                 United States District Court Judge

4835-4633-0902, v.  1